# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Roger A. Glewwe and LeRoy Glewwe, | Civ. No. 12-0308 (JNE/JJG) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| Unity One Federal Credit Union and MERSCORP, Inc., | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 9). David Mortensen appeared on behalf of Defendants. While Plaintiffs are proceeding pro se, neither appeared at the hearing on this motion, nor did they submit materials in opposition to the motion. The Honorable Joan N. Ericksen, United States District Judge, referred this motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1). As set forth below, the Court recommends that the motion be granted and judgment be entered in Defendants' favor.

## I. Background

Plaintiffs bring this action alleging twelve causes of action based on the foreclosure of their residence, at 985 Allen Ave., West St. Paul, Minnesota (the "Property"). A review of the Complaint indicates that Plaintiffs rely exclusively on the "show-me-the-note" theory. Plaintiffs assert the following claims: (1) the mortgage and note are invalid and unenforceable; (2) Defendants are not holders in due course of the original note; (3) Defendants do not have legal standing to enforce the note; (4) Defendants are not real parties

in interest; (5) fraud; (6) negligent misrepresentation; (7) unjust enrichment; (8) declaratory judgment that the original note is void as a negotiable instrument; (9) equitable estoppel; (10) invalid presentment of the original note; (11) third-party beneficiary; and (12) accounting.

Plaintiffs assert that Roger Glewwe executed the original note and a mortgage in favor of an entity other than Defendants. (Compl. ¶ 4.) Plaintiffs also include allegations regarding the particulars surrounding the sheriff's sale of the property. (*Id.* ¶ 7.) Moreover, Plaintiffs assert that "Defendant does not have valid, clear legal title to Plaintiffs' original note" and that "Defendant does not have actual physical possession of Plaintiff's original note." (*Id.* ¶¶ 8, 10.) Plaintiffs go on to assert that the mortgage on their property was "securitized and sold" and aggregated into pooling service agreements and a Real Estate Mortgage Investment Conduit. (*Id.* ¶¶ 13, 14.) Plaintiffs make other allegations reminiscent of boilerplate "show-me-the-note" arguments, as well. For example, Plaintiffs allege: "Because Defendants do not have physical possession of the original note and do not have valid, clear legal title to the original note, Defendants cannot exercise the legal right to enforce the note." (*Id.* ¶ 28.) Indeed, each of Plaintiffs' causes of actions relies on the "show-me-the-note" theory. (*Id.* ¶¶ 25, 34, 36-37, 39, 44, 52, 56, 60-62, 65, 69-70, 74, 76.)

A few other points bear noting, aside from the allegations in Plaintiffs' Complaint. First, Plaintiff Roger Glewwe has not appeared or communicated with the Court since this case began. The Court advised Plaintiff LeRoy Glewwe that as a non-attorney he could not represent his father, Roger, in this case. Second, Plaintiffs have moved residences at least twice and have not advised the Court or counsel of their new address. On December 3, 2012, the Court mailed a copy of the Honorable Joan N. Ericksen's order of reference to Plaintiffs, which was returned as undeliverable on December 14, 2012, without a forwarding address.

(ECF No. 15.) The Court also ordered Plaintiffs to respond to Defendants' motion no later than February 15, 2013. (ECF No. 22.) That order was returned as undeliverable as well. (ECF No. 23.) Defendants filed affidavits indicating that they mailed their motion papers to Plaintiffs at the address listed on the Court's docket, which were returned as undeliverable. (ECF No. 20-1.) The post office provided a forwarding address. Defendants then mailed the papers to the forwarding address but they were returned as undeliverable without a forwarding address. (ECF No. 21-1.) Plaintiffs have not responded to Defendants' motion.

**II.     Discussion**

First, Plaintiffs have failed to update their address with the Court or counsel, which is strong evidence of their abandonment of this lawsuit and a failure to prosecute. *See Fisherman v. Bernstein*, Civil No. 10-2157 (JRT/JSM), 2012 WL 259327, at *1 (D. Minn. Jan. 4, 2012) (citing cases); *see also Abraham v. Singh,* No. Civ. A. 04–0044, 2005 WL 2036887, at *2 (E.D. La. July 27, 2005) (finding that the failure to advise the court of a new address indicates a failure to prosecute his case; dismissing claims with prejudice). The onus is on the parties to keep courts apprised of their address. *See Passe v. City of New York,* No. CV 02–6494, 2009 WL 290464, at *4 (E.D.N.Y. Jan. 5, 2009). The court in *Fisherman* found that the plaintiff's failure to advise the court of his address, as well as his failure to abide by the court's pretrial scheduling order requiring responses to motions for summary judgment to be filed within 20 days of a motion's filing, justified dismissal of the complaint with prejudice. *Fisherman*, 2012 WL 259327, at *2 (citations omitted).

Here, Plaintiffs have failed to update their address and they have failed to comply with the Court's Order that they respond to the motion for summary judgment. Accordingly, dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure

to prosecute is appropriate. *See also Fate v. Doe,* No. 07 Civ. 9256, 2008 WL 17522203, at *2 (S.D.N.Y. Apr. 16, 2008) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached.").

Second, Plaintiffs have failed to respond to Defendants' motion. A court should grant summary judgment where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). A court may not grant summary judgment if there is a genuine issue of material fact. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). If the party seeking summary judgment has met its burden of demonstrating there are no genuine issues of material fact, Rule 56(e) shifts the burden to the non-moving party to designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ruiz v. Int'l Bhd. of Elec. Workers Local 292 Pension Plan*, Civ. No. 06-881 (JNE/JJG), 2006 WL 3741826, at *1 (D. Minn. Dec. 18, 2006). The Court entered an Order requiring Plaintiffs to respond to Defendants' motion no later than February 15, 2013.

Defendants have submitted a properly supported motion for summary judgment, to which Plaintiffs did not respond. A party opposing summary judgment is required to "cit[e] to particular parts of materials in the record," or show that the "materials cited do not establish the absence or presence of genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Rule 56(e) also states: "If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may" either grant summary judgment if the motion and supporting

materials demonstrate the movant is entitled to it or consider the facts undisputed. Fed. R. Civ. P. 56(e)(2)-(3). Thus, the Court accepts Defendants' recitation of the facts as Plaintiffs have not disputed them.

Moreover, each cause of action, as alleged by Plaintiffs, requires a finding that the separation of the note from the mortgage, or the failure to present the original note, nullifies Defendants' ability to foreclose on the Property. Because all of Plaintiff's causes of action rely on the widely discussed and repeatedly discredited "show-me-the-note" theory, and because Plaintiffs have not demonstrated any genuine issue of material fact, Defendants are entitled to summary judgment. *See, e.g.*, Stein v. Chase Home Finance, LLC, Civ. No. 09-1995 (MJD/JJG), 2010 WL 4736828, at *3-4 (D. Minn. Aug. 13, 2010) (Graham, Mag. J.), *adopted by* 2010 WL 4736233 (D. Minn. Nov. 16, 2010), *aff'd* 662 F.3d 976 (8th Cir. 2011); *see also Butler v. Bank of America, N.A.*, 690 F.3d 959, 962 (8th Cir. 2012) ("Instead, we agree with the district court th[at] the Butlers' numerous causes of action are simply an attempt to invalidate the foreclosure on the property based on the flawed theory the mortgage and the foreclosure of that mortgage are invalid because BAC Home Loan Servicing – the entity holding the mortgage – does not also hold the note."); *see also Iverson v. Wells Fargo Bank, N.A.*, Civ. No. 11-2225 (MJD/AJB), 2012 WL 611196, at *4 (D. Minn. Feb. 6, 2012) *adopted by,* 2012 WL 611371 (D. Minn. Feb. 24, 2012) (citation omitted) ("The legal position that permeates the amended complaint in this action, and is alleged either expressly or by incorporation to be the underlying basis for each and every count, is the assertion that a mortgagee cannot undertake foreclosure without possession of the original note. It is not the law in Minnesota that possession of a promissory note is necessary for foreclosure by advertisement."). Therefore, the Court recommends Defendants' motion be granted.

### III. Recommendation

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion for Summary Judgment (ECF No. 9) be **GRANTED**; and

2. **JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 12, 2013                                         s/ *Jeanne J. Graham*
                                                              JEANNE J. GRAHAM
                                                              United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 1, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.